UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

PATRICK JUSTIN CAMP,

                                                    **DECISION AND ORDER**
                     Plaintiff,          **No. 14-CV-6143T**

          v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.
───────────────────────────────────────

## **INTRODUCTION**

Plaintiff Patrick Justin Camp ("Plaintiff"), acting *pro se*, brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), claiming that the Commissioner of Social Security (the "Commissioner") improperly denied his application for Social Security Benefits. The Commissioner denies Plaintiff's allegations and moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint was not timely filed with the court. For the reasons set forth below, this Court grants Defendant's motion to dismiss.

## **BACKGROUND**

Plaintiff filed an application for Social Security Disability benefits claiming that he was disabled due to a traumatic brain injury, migraines, short-term memory loss, and knee, back, and hip pain. On August 9, 2012, Administrative Law

Judge ("ALJ") Lawrence Levey denied Plaintiff's application for benefits. On October 23, 2013, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. This denial letter was sent to Plaintiff's home address and to his representative, Roxie Rasey Nicoll of the Office of Disability Adjudication and Review. The Appeals Council informed Plaintiff that he had 60 days to file a civil action challenging the Commissioner's final decision.

On December 27, 2013, the Appeals Council received a letter from Plaintiff (dated December 23, 2013) requesting "more time." The Appeals Council interpreted this letter as a request for an extension of time to file a civil action. On January 24, 2014, the Appeals Council sent a notice to Plaintiff and his representative stating that Plaintiff had been granted a 30-day extension to file a civil action. The letter granted an additional five days for mail delivery. Thus, Plaintiff had until February 28, 2014, to file a complaint. However, it was not until March 27, 2014 when plaintiff filed the instant complaint.

## DISCUSSION

The Commissioner moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to file his Complaint within the 60-day time limit (as extended by the Appeals Council) for

filing such cases. With respect to an appeal from the final decision of the Commissioner of Social Security, the Government has consented to be sued only as set forth in the Social Security Act, codified at 42 U.S.C. § 405(g).  See also <u>Francois v. Astrue</u>, No. 11-CV-4339(CM)(THK), 2012 WL 697170, at *3 (S.D.N.Y. Mar. 5, 2012)(it is well established that the Government cannot be sued without its consent).  Specifically, the Social Security Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Here, the Commissioner issued a final denial of Plaintiff's claim on October 23, 2013. On January 24, 2014, the Commissioner granted Plaintiff a 30-day extension of time to file his federal action. Pursuant to Social Security regulations, receipt of a notice of a final determination is presumed to occur five days after the date of the notice. 20 C.F.R. §§ 404.901 and 422.210(c). Accordingly, it is presumed that Plaintiff received notice of the extension of time to file his federal Complaint on

January 29, 2014. As a result, Plaintiff had until February 28, 2014, to file his Complaint.

The record reveals, however, that Plaintiff did not file his Complaint until March 27, 2014, twenty-seven days after the limitations period expired. Although there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds, the courts have strictly construed the deadlines for filing actions against the Commissioner of Social Security. See Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (stating that only in instances where the Government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way have courts tolled the 60-day limitation); Matsibekker v. Heckler, 738 F.2d 79 (2d Cir. 1984) (indicating that the district court lacks the authority to extend the 60-day limitation period). See also Bowen v. City of New York, 476 U.S. 467, 479 (1986) (strictly construing the 60-day limitation period). Because Plaintiff failed to file his complaint within the 60-day time period, as extended for 30 days by the Commissioner, his claim must be dismissed. See 42 U.S.C. § 405(g).

Plaintiff offered no reason for equitably tolling the limitations period. Nor did he explain why the Complaint was not

4

filed within the extended 30-day limitations period granted by the Appeals Council.

## **CONCLUSION**

For the reasons stated, this Court grants Defendant's motion to dismiss plaintiff's Complaint and Plaintiff's Motion for Appointment of Counsel is denied. Plaintiff's Complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            **s/ Michael A. Telesca**

                                         _____
                                         HONORABLE MICHAEL A. TELESCA
                                         United States District Court Judge

DATED:    November 19, 2014
             Rochester, New York